IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>**JUAN AGUSTIN CARABALLO** )<br>) | CRIMINAL ACTION<br><br>NO. 04-10396-PBS |

## UNITED STATES' SENTENCING MEMORANDUM

On April 5, 2005, the defendant, Juan Agustin Caraballo, pled guilty pursuant to Fed R. Crim. P. 11 to a two count criminal information charging him with conspiracy and possession with the intent to distribute more than 500 grams of cocaine. With the assent of the government, the defendant moved pursuant to Fed. Crim. P. 32(c)(1)(A)(ii) to dispense with a full Pre-Sentence Report and conduct an expedited sentencing hearing. The government assented to the defendant's motion because the sentencing facts are clear, agreed upon and not in dispute. In particular, the government agrees that the defendant's final adjusted offense level is a level **twenty-one (21)** and that the applicable Sentencing Guideline range is **37-46 months**. The government, furthermore, has agreed to recommend the low end of the applicable guideline range, **37 months.**

The Court ordered the government to conduct a sufficient due-diligence investigation of the defendant to ensure that the Court may sentence the defendant without the need of a full Pre-Sentence Report. Accordingly, the government submits the following:

**<u>Supplemental Factual Background</u>**

The seizure of cocaine on February 27, 2002 in Auburn, MA is related another pending case now before the court, *United States vs. Luz Luciano, et al.*, 04-10299-PBS. This case involves thirty indicted defendants and Title III wiretaps over twenty-one separate telephones that took place between July 2003 until May 1, 2004 when DEA arrested twenty-two individuals following the seizure of fifty (50) kilograms of cocaine in Danvers, MA. In addition to these wiretaps, the investigation also involved extensive physical surveillance and information from multiple cooperating sources of information.

Throughout this investigation, no information was mentioned that would suggest that defendant, Juan Agustin Caraballo, had any other involvement in drug trafficking or criminal activity other than the events surrounding the seizure on February 27, 2002. The government further had the opportunity to interview the defendant pursuant to the "safety valve" provision of U.S.S.G. § 5C1.2. Following this interview, the government is satisfied that the defendant's involvement in the offense was limited to knowingly transporting cocaine with which he was caught from New York to Massachusetts and was not involved in the larger conspiracy which involved a much larger amount of cocaine.

Furthermore, the government has been able to confirm that the defendant does not have any prior criminal convictions in the United States. Accordingly, the government agrees with Probation that the defendant's Criminal History Category is Category I.

## Conclusion

For the foregoing reasons, the government submits that the Court should sentence the defendant to applicable Sentencing Guideline range.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

                  By:          /s/ Neil J. Gallagher, Jr.
                                                Neil J. Gallagher, Jr.
                                                Assistant U.S. Attorney
                                                (617) 748-3397

Dated: April 28, 2005